**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4471**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LEAVITT RODRIGUEZ, a/k/a Jose Luis Rosario Colon,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:10-cr-00748-CCB-1)

_____

Submitted: March 28, 2013           Decided: April 30, 2013

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven Gene Berry, Bethesda, Maryland, for Appellant. Leo Joseph Wise, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leavitt Rodriguez was convicted by a jury of making a false statement in a passport application, in violation of 18 U.S.C. § 1542 (2006) (counts one and three), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006) (counts two and four). He was sentenced to a total term of 42 months' imprisonment. Rodriguez noted a timely appeal. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether: (1) the evidence was sufficient to support the verdict; (2) Rodriguez was unconstitutionally removed from the courtroom during his trial; (3) the district court inappropriately referred to him as "Leavitt Rodriguez;" and (4) counsel was ineffective. Although advised of his right to file a supplemental pro se brief, Rodriguez has not done so. Finding no error, we affirm.

The evidence presented at Rodriguez's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), established that Rodriguez twice applied for a United States passport using the social security number and other identifying information from Jason Anthony Bell, who died in 2009. We find the evidence sufficient to support convictions under both statutes.

2

Next, counsel asserts that Rodriguez was improperly excluded from the courtroom. The record reveals that Rodriguez was twice removed from the courtroom following angry outbursts, and after being duly warned of the consequences of his behavior. The court may order the removal of a defendant "when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim. P. 43(c). With respect to removal of a defendant, the Supreme Court has stated: "[A] defendant can lose his right to be present . . . if, after he had been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." Illinois v. Allen, 397 U.S. 337, 343 (1970). We conclude that the district court acted within its discretion in removing Rodriguez from the courtroom.

Rodriguez also argues that the district court improperly referred to him as "Leavitt Rodriguez," even after he filed a motion to be identified only as Jose Luis Rosario Colon. According to the testimony of Rodriguez's uncle and a Special Agent from the United States Department of State, Rodriguez assumed the name Jose Colon after arriving in the United States.

3

However, as the district court noted at the beginning of the trial, the only relevant issue is whether he was Jason Anthony Bell, not whether his name was Rodriguez or Colon. The court also instructed the jury accordingly. We find no prejudice suffered by Rodriguez as a result of references to his legal name in addition to his assumed name.

Finally, counsel asserts that Rodriguez was denied effective assistance of counsel. In the absence of conclusive evidence of ineffective assistance of counsel on the face of the record, such claims are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively establish or even suggest that trial counsel rendered ineffective assistance, we decline to address this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Rodriguez's conviction and sentence. This court requires that counsel inform Rodriguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rodriguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED